M. P. No. 1919. ROLAND PLASSE *et al. v.* AUGUST P. LA FRANCE *et al.* Cause came on to be heard upon a petition for writ of certiorari filed by August P. LaFrance, in his capacity as Secretary of State, to review a judgment entered in the Superior Court on October 18, 1972 in a civil action for injunctive relief.

The plaintiffs in that action alleged in substance that the Secretary of State was intending to prepare and deliver to the Board of Elections a ballot for use at the polls on November 7, 1972, in a form which deprived voters of free choice among candidates for the office of town councilmen in the town of Cumberland; that he was also preparing a ballot for use by those who vote by mail and not at the polls which similarly deprived the voters of a free choice; and that the Board of Elections was intending to use and accept such ballots at the general election to be held on November 7, 1972.

On October 12, 1972, a justice of the Superior Court heard the case on the merits and on October 18, 1972, the judgment under review was entered. A copy of that judgment is attached to this order.

The petitioners here allege that paragraph 2 of the judgment which orders an arrangement calling for the "staggering" of the candidates' names on the voting machines is in excess of the Superior Court's jurisdiction and that the judgment calls in question the validity of substantially identical ballots which the Secretary of State is preparing for use at the said general election in 19 additional cities and towns in this state.

On Friday, October 20, 1972, the justice of this court, at the request of counsel representing all the parties, conferred with them in chambers. In view of the representations then made and because of the public interest and the time element involved, we assigned this case specially for oral argument to Tuesday, October 24, 1972 on an agreed statement of facts.

Before us, counsel for the Board of Elections and counsel for the Secretary of State represented that if that portion of the judgment mandating the "staggering" of the candidates' names were to remain in effect, it would be impossible to prepare the ballots and voting machines in time for the November 7, 1972 general election. Counsel for the Board of Elections also represented (1) that the levers on the voting machines would in any event be unlocked thereby enabling electors to vote for two or more candidates for town council listed in the same horizontal column; and (2) that there is sufficient time prior to November 7, 1972, to permit all ballots which will be inserted in the voting machines in the town of Cumberland and other municipalities similarly situated to be so prepared so as to inform the electors of those municipalities of their right to vote for a number of candidates equal to the number of council positions authorized by law irrespective of where their names appear on the ballot.

Cousels' representations, and the fact that all shut-in, servicemen and absentee ballots have already been prepared and mailed with a sticker label notifying electors of the town of Cumberland, as well as those of other municipalities similarly situated,

of their right to vote for a number of candidates equal to the number of council positions authorized by law irrespective of where the names of those candidates appear necessitate a modification of the judgment reviewed.

Accordingly:

(1) Those portions of paragraphs 2 and 3 of the judgment which apply exclusively to voting at the polling places should be deleted; and

(2) Paragraphs 3 and 4 thereof should be modified to read substantially as follows:

The Secretary of State is directed forthwith (a) to eliminate the listing of town council candidates by seat number in the town of Cumberland and in all municipalities similarly affected; and (b) to prepare appropriate instructions on all ballots informing the electors of the town of Cumberland and those of other municipalities similarly situated of their right to vote for a number of candidates equal to the number of council positions authorized by law irrespective of where their names appear on the ballot.

(3) Paragraph 5 should be modified to read substantially as follows:

The Board of Elections is directed (a) to arrange for the use of the corrected official ballot at all polling places in the town of Cumberland and other municipalities similarly affected; and (b) to unlock the levers on the voting machines so that electors may vote for two or more candidates for town council whose names appear on the same horizontal line.

The petition for certiorari is granted and the papers are remanded to the Superior Court with our decision endorsed thereon. *McOsker & Isserlis, David J. McOsker,* for plaintiffs. *Richard J. Israel,* Attorney General, *W. Slater Allen, Jr.,* Asst. Attorney General, for defendants. *Kenneth M. Beaver,* Amicus Curiae,

*James J. Mullen*, Amicus Curiae, and *F. Albert Starr* for Town of New Shoreham.